UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chong Hao Su,
    Plaintiff

vs

Cincinnati City Prosecutor,
    Defendant

Case No. 1:07-cv-902-HJW-TSH
(Weber, Sr. J.; Hogan, M. J.)

## REPORT AND RECOMMENDATION

Pro se plaintiff Chong Hao Su initiated this action with a motion for leave to proceed *in forma pauperis* which was filed on October 26, 2007. (Doc. 1). The motion was denied (Doc. 2), and plaintiff subsequently paid the full filing fee and filed his complaint on November 6, 2007. (Doc. 5). His complaint names "Cincinnati City Prosecutor" as the only defendant and alleges as follows:

> Ohio Cincinnati City Prosecutor filed criminal charge against me and pushed me in jail already. The Prosecutor refuses to discovery any information. I have to sue the Prosecutor. His office address is Room 226 801 Plum St. Cincinnati the detail is in the Complaint I (sic).

(Doc. 5, Complaint, p. 3, Statement of Claim). Plaintiff claims that the pursuit of criminal charges against him violates his rights under the federal Constitution and seeks a "protection order" and reversal of the state criminal charges. (Id., p. 4, Relief).

On May 15, 2008, this Court issued an Order directing plaintiff to show cause, in writing, and within twenty days of the filing date of the Order, why this action should not be dismissed for lack of service and or dismissed as frivolous because

defendant is immune from suit, or in the alternative, why this action should not be dismissed pursuant to the *Younger* abstention doctrine. (Doc. 22). Plaintiff was served with a copy of the Court's Order on May 21, 2008. (Doc. 23). To date, plaintiff has not responded to the Court's May 15, 2008 Show Cause Order. Consequently, this Court finds that dismissal of plaintiff's complaint is warranted.

Since the filing of his complaint against the "Cincinnati City Prosecutor Office" in November 2007, plaintiff has filed eleven motions, seeking various forms of relief. However, there is no indication on the record that defendant has waived service of process or that plaintiff has properly served defendant with a summons and copy of the complaint.

Fed. R. Civ. P. 4 requires that a defendant be served with a summons and a copy of the complaint or that defendant waive service thereof. Fed. R. Civ. P. 4(c) & (d). Rule 4 also provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

Plaintiff bears the burden of exercising due diligence in perfecting service of process and showing that proper service has been made. *Habib v. General Motors Corp.*, 15 F.3d 72, 74-5 (6th Cir. 1994); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). In the absence of proper service, the Court lacks *in personam* jurisdiction over the individual defendant. *Amen v. City of Dearborn*, 532 F.2d 554 (6th Cir. 1976), cert. denied, 465 U.S. 1101 (1984); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

A *pro se* plaintiff is entitled to some degree of leniency in the application of Rule 4's requirements "to ensure that his case is justly resolved on the merits rather than on the basis of procedural technicalities." *Poulakis v. Amtrak*, 139 F.R.D. 107,

2

109 (N.D. Ill. 1991). Thus, small errors in summons do not justify dismissal where service is in substantial compliance with Rule 4. *See Sanderford v. Prudential Ins. Co.*, 902 F.2d 897 (11th Cir. 1990); *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371 (9th Cir. 1984). However, where there is no substantial compliance nor a showing of good cause for the failure to effect timely service, the court may sua sponte dismiss the action for lack of service provided that plaintiff has notice of the proposed action by the court. *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 408 (S.D. Ohio 2003).

Because plaintiff has failed to effect proper service of process and has failed to respond to the Court's Show Cause Order, the complaint should be dismissed for lack of service pursuant to Fed. R. Civ. P. 4.

Furthermore, it appears that plaintiff's complaint fails to state a claim upon which relief may be granted. The Court may only sua sponte dismiss a fee-paid complaint if it is frivolous for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) after notice to plaintiff and an opportunity to amend the complaint. *See Apple v. Glenn*, 183 F.3d 477, 478 (6th cir. 1999), *cert. denied*, 528 U.S. 1198 (2000).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. A complaint fails to state a claim for relief when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

It appears from plaintiff's subsequent filings in this action, (*See e.g.* Docs. 8, 9, 11), that the facts underlying this complaint are the same facts and circumstances which gave rise to complaints plaintiff has filed in three other cases with this Court. *Compare* Case Nos. 1:07-cv-592; 1:07-cv-902; 1:07-cv-903; and 1:07-cv-989. Plaintiff has been charged with solicitation and is subject to criminal prosecution.

3

Plaintiff alleges that the Cincinnati City Prosecutor "refuses to discovery any information (sic)." However, the complaint does not name the City Prosecutor, Ernest McAdams, specifically and fails to make any allegations that he participated directly or indirectly in plaintiff's prosecution. Therefore, plaintiff's complaint fails to support a claim for unconstitutional conduct. *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 349 (6th Cir. 2007); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). To the extent that plaintiff could be understood to complain about discovery provided by a member of the Prosecutor's Office, in the absence of any allegations that such an unnamed prosecutor acted outside the scope of his or her employment, the prosecutor is entitled to absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003).

Moreover, in as much as the state court criminal cases underlying plaintiff's allegations are still on-going, plaintiff's claims should be dismissed under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id.* Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995), citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir. 1989). *See also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

All three factors supporting *Younger* abstention are present in this case. First, plaintiff's criminal cases are currently pending in the state court.[1] Second, the criminal cases implicate an important state interest as state criminal prosecutions have

---

[1] *See State of Ohio v. Chong Su*, 06-CRB-40711; *State of Ohio v. Chong Su* 06-CRB-40713; *State of Ohio v. Chong Su* 07-CRB-14561; *and State of Ohio v. Chong Su* 07-CRB-37093). Federal courts may take judicial notice of proceedings in other courts of record. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980)(quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969), *cert. denied*, 397 U.S. 1065 (1970)).

4

traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for plaintiff to raise his sufficiency of the evidence or constitutional right to counsel claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995), citing *Pennzoil Co.*, 481 U.S. at 15. Therefore, abstention under *Younger* is appropriate. Nor has plaintiff alleged facts showing the existence of extraordinary circumstances barring abstention. Plaintiff presents no facts or evidence showing the actions in the criminal case are motivated by bad faith or an intent to harass plaintiff. Plaintiff's conclusory allegation of an "unlawful prosecution" fails to establish the presence of extraordinary circumstances mitigating against the application of *Younger* abstention.

For all these reasons, plaintiff's complaint should be dismissed for lack of timely service, or in the alternative, the complaint should be dismissed as frivolous because defendant is immune form suit and or because plaintiff's claims are subject to dismissal under the *Younger* abstention doctrine. Plaintiff was put on notice that the Court proposed to dismiss his complaint for lack of service, or in the alternative d or because his complaint is frivolous and or subject to abstention. Pliantiff has failed to respond to the Court's Show Cause Order and has failed to effect proper service of process.

IT IS THEREFORE RECOMMENDED THAT this action be DISMISSED.

Timothy S. Hogan
United States Magistrate Judge

5

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Chong Hao Su,
    Plaintiff

vs                                               Case No. 1:07-cv-902-HJW-TSH
                                                        (Weber, Sr. J.; Hogan, M. J.)

Cincinnati City Prosecutor,
    Defendant

## NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on     . Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.